IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES ROWE, #1052123, )<br>              Petitioner, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>              Respondent. ) | 3:07-CV-1963-P |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by a state prisoner.

Parties: Petitioner James Laray Rowe ("Rowe") is presently incarcerated within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) at the Bill Clements Unit in Amarillo, Texas. Respondent is the Director of TDCJ-CID

Statement of the Case: While Rowe was a minor, he was charged by petition with engaging in delinquent conduct, to wit committing or attempting to commit capital murder in the course of committing or attempting to commit a robbery in violation of Texas Penal Code § 19.03. *In the Matter of James L. Rowe*, No. JD-35928-W (304th District Court of Dallas County, sitting as a

juvenile court); *Ex parte Rowe*, No. WR-55,036-01, at 23-24. On March 19, 1998, pursuant to a plea agreement, he waived his rights and entered a guilty plea to the charge. *Ex parte Rowe*, *supra*, at 26-29. On the same day, the juvenile court adjudicated Rowe guilty of engaging in delinquent conduct, found that a deadly weapon was used, and imposed a determinate sentence of 40 years in the Texas Youth Commission (TYC), with possible transfer to TDCJ pursuant to Section 54.11 of the Juvenile Justice Code. *Id.*[1]

Petitioner did not appeal his conviction or sentence. Upon reaching his twenty-first birthday on August 14, 2001, he was transferred from the TYC to TDCJ-CID to serve the remainder of his sentence. The TDCJ-CID website reflects Rowe is presently incarcerated for capital murder as a result of the juvenile case at issue in this petition, and that he will be eligible for parole on March 19, 2018, after serving twenty-years of his sentence. *See* Offender Information Detail, http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=06013187.

On January 21, 2003, Petitioner filed a habeas application on the printed form for seeking relief from state felony conviction pursuant to art. 11.07, Texas Code of Criminal Procedure. *Ex parte Rowe*, *supra*, at 2. The Texas Court of Criminal Appeals ("TCCA"), dismissed the petition without written order on September 17, 2003. *Id.*, at cover.

---

[1] Respondent correctly notes that the plea agreement is not part of the unsealed portion of the state court record. Nevertheless, the record and Petitioner's own statementss establish that Petitioner pleaded guilty pursuant to a plea agreement. *Ex parte Rowe*, *supra*, at 11-12.

On November 13, 2007, Petitioner filed this federal habeas petition.[2] He alleges he is actually innocent of the deadly weapon finding as a result of newly discovered evidence. In the memorandum in support, attached to the federal petition, he alleges ineffective assistance of counsel, namely counsel failed to file pre-trial motions and investigate the offense, and coerced Petitioner to plead guilty by erroneously advising him that he could receive the death penalty.[3]

In his answer, Respondent argues the petition is time barred, unexhausted in part, and without merit. On February 15, 2008, Rowe filed a reply

Findings and Conclusions: Petitioner submitted his petition on the court approved form for state prisoner seeking federal habeas relief under 28 U.S.C. § 2254. That statute is reserved for habeas applications "on behalf of a person in custody pursuant to the judgment of a State court . . . ." *See* 28 U.S.C. 2254. It is undisputed that Petitioner is "in custody" for purposes of § 2254. The "Order of Adjudication and Judgment of Disposition with T.Y.C. Commitment," *see Ex parte Rowe*, No. WR-55,036-01, at 27-28, provided that Petitioner was being adjudicated delinquent and that he would be committed to the custody of TYC for forty years, with possible transfer to TDCJ-CID.

Having ascertained the court has jurisdiction to consider the petition under § 2254, the court turns to Respondent's argument that the petition is time barred.[4]

---

[2] For purposes of this recommendation, the petition is deemed filed on November 13, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[3] While his memorandum, attached to the § 2254 petition, raises three additional grounds for relief (defective indictment, double jeopardy/ex post facto violation, and insufficiency of the evidence), Petitioner withdraws those claims in his reply. (Reply at 2).

[4] Although Rowe claims that he filed a previous federal petition and requests leave to file a second or successive petition (*see* Petitioner at 7, and attached memorandum at 1), the

3

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-D.

Petitioner alleges no state-created impediment under § 2244(d)(1)(B), which prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under § 2244(d)(1)(C). In his petition and in his reply Petitioner claims that "newly discovered evidence" shows that he is innocent of the conduct for which he was adjudicated as being delinquent. Facially his claim suggests that the facts which support his ineffective assistance of counsel claims were not known and could not have been known through the exercise of due diligence until September 2007, *see* Reply at 5-6, implicating § 2244(d)(1)(D). In point of fact Rowe knew from the date of the murder that he, himself, had not fired the fatal shots, which he recounted in an interview with TYC personnel on or about May 7, 2001. No. WR-55,036-01 at 31. His participation clearly rendered him liable as a principal under Texas state law had he been prosecuted as an adult and likewise constituted an act of juvenile delinquency. Even if the one-year period was determined to begin to

---

records of the court fail to show any prior proceeding filed by him.

run no earlier than May 7, 2001, it expired long before he sought collateral review in the Texas justice system.

Under the facts presented and for the following reasons the judgment of conviction became final on April 18, 1998, thirty days after the trial court adjudicated Petitioner guilty of engaging in delinquent conduct and imposed a forty-year determinate sentence. *See* Texas Rule of Appellate Procedure 26.1 (effective September 1, 997) and § 2244(d)(1)(A).

Petitioner committed the felony offense at issue while sixteen years old. In the case of a felony offense, committed by a person 15 and 16 years of age, the juvenile court had the authority to transfer the juvenile to criminal court for prosecution as an adult - also known as a "discretionary transfer." *See* Tex. Fam. Code Ann. § 54.02 (West 1996). If no transfer occurred, the case would remain in juvenile court, and the juvenile was subject to being adjudicated delinquent and to being given a determinate sentence to TYC, with possible transfer to TDCJ, *See* Tex. Fam. Code Ann. §§ 54.03 and 54.04 (West 1996), which was the procedure followed Petitioner's case.[5]

The court must decide whether adjudicating a minor guilty of engaging in delinquent conduct following a guilty plea, and imposing a determinate sentence is a "judgment" for purposes of 28 U.S.C. § 2244(d)(1)(A).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006), the Fifth Circuit Court of Appeals held that an order of deferred adjudication or straight probation following a guilty plea is a judgment for purposes of § 2244(d)(1)(A), although the same order is not a judgment under Texas law. The Court reached this conclusion by relying on the Federal Rules of Civil Procedure, which are applicable to habeas corpus proceedings. *Caldwell*, 429

---

[5] Both provisions remain in effect today.

F.3d at 527-28. In particular, the Court focused on Fed. R. Civ. P. 54, which defines "'judgment' as including "a decree or any order from which an appeal lies.'" *Id*. Since an appeal lies from an order of deferred adjudication and an order of straight probation, the *Caldwell* Court concluded that either order was a judgment for purposes of § 2244. *Id.* at 528.

At the time of Petitioner's proceedings, juvenile delinquency adjudications were inherently civil in nature. A delinquency charge remained at all times in civil court. While the juvenile could appeal the adjudication of delinquency and the imposition of a determinate sentence, he could do so only through the civil court system. *See* Tex. Fam. Code Ann. § 56.01(a) (West 1996). Moreover, until the age of 21 years, the sentence was served in TYC unless the juvenile was eligible for and granted parole. If not paroled by the age of 21 years, the juvenile was transferred to TDCJ to serve the remainder of the sentence. *See* Tex. Hum. Res. Code Ann. § 61.084 (West 1996); Tex. Fam. Code Ann. § 54.11(i) (West 1996). Again the juvenile had the right to appeal the transfer from TYC to TDCJ through the civil court system. *See* Tex. Fam. Code Ann. § 56.01(c)(2) (West 1996).[6]

As a result of the civil nature of juvenile adjudications, the TCCA has held that when a juvenile, adjudicated as having engaged in delinquent conduct, is transferred to serve the remainder of his sentence in TDCJ-CID, he cannot rely on article 11.07 as a basis for habeas relief. *See Ex parte Valle,* 104 S.W.3d 888, 890 (Tex. Crim. App. 2003). Art. 11.07 is limited to granting habeas relief from felony judgments, *see* Tex. Code Crim. Proc. art. 11.07, and "juvenile adjudications are not 'convictions' for purposes of article 11.07." *Ex parte Valle*, 104 S.W.3d at 890 ("because all

---

[6] The above provisions remain in effect today except that the transfer to TDCJ now takes place at 19 rather than 21 years of age. *See* Tex. Hum. Res. Code Ann. § 61.084(g) (West 2008)

6

juvenile adjudications 'remain on the civil side of our judicial system unless transferred to a criminal court, article 11.07 should not be used to transport juvenile cases to the criminal side for the single, specific proceeding of an application for writ of habeas corpus.'"); *see also* Tex. Fam. Code Ann. § 51.13(a) (West 1996) (except for purposes of penalty enhancement in subsequent felonies, "an order of adjudication or disposition ... is not a conviction of crime . . . .").[7]

Although an adjudication of delinquency and determinate sentence is predominantly a civil proceeding, the court concludes that it is still a "judgment" under § 2244(d)(1)(A) for the same reasons expressed in *Caldwell,* 429 F.3d at 548. A juvenile adjudicated to be delinquent, like a defendant placed on deferred adjudication or straight probation, may appeal issues relating to his adjudication and determinate sentence proceeding. The Family Code provides that "[a]n appeal from an order of a juvenile court is to a court of appeals and the case may be carried to the Texas Supreme Court by writ of error or upon certificate, as in civil cases generally." Tex. Fam. Code § 56.01(a) (West 1996);[8] *Ex parte Valle*, 104 S.W.3d at 890.

In addition to a direct appeal, a juvenile adjudicated as a delinquent has a habeas remedy filed in the committing civil court, with an appeal to a Texas court of appeals with a possible ultimate review by the Texas Supreme Court. *See Ex parte Valle*, 104 S.W.3d at 890. This avenue of relief parallels that available to a defendant placed on straight probation, who may seek habeas relief under Texas Code of Criminal Procedure articles 11.05, 11.08 and 11.23, instead of art. 11.07. *See Caldwell*, 429 F.3d at 529. Therefore, consistent with the court's construction in *Caldwell* of finality as set out in § 2244 (d)(1)(A) the order/judgment adjudicating Rowe guilty of engaging in

---

[7] This provision remains in effect today.

[8] This provision remains in effect today.

delinquent conduct and imposing a determinate sentence became final on April 18, 1998. Rowe did not seek collateral relief in the Texas court system until January 21, 2003,[9] when he filed his application in the trial court, No. WR-55,036-01 at 2, more than three years and seven months after the one-year limitation period expired. Thus, the present petition is time barred absent application of equitable tolling.[10] Petitioner argues that the time which he spent in TYC should be tolled because of his relative youth and the absence of legal materials at the TYC facility in which he was confined (Reply at 4). Even if the court were to toll this period of time, the one-year period would have expired on August 14, 2002 - one year after his twenty-first birthday and his transfer to the TDCJ-CID -and more than five months before he filed his state habeas application. Rowe received copies of pleadings, orders and the transcript from the March 19, 1998, proceedings along with a cover letter from his trial attorney on or about February 25, 2002, while confined in an adult prison unit. No. WR-55,036-01 at 11-12. The attorney's letter reiterated the reasons for accepting the plea agreement which included avoiding the possibility of Rowe's case being transferred to an adult court

---

[9] The mailbox rule does not apply to the filing of state writs. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("declin[ing] to extend the mailbox rule to the determination of filing dates for state habeas applications."). In any event, the federal petition would be time barred even if the Court were to rely on the date Petitioner signed the art. 11.07 application, October 23, 2002. (*See* Pet's Response at 2-3).

[10] Texas state law tolls the limitations period within which a person under the age of 18 years is required to file suit. *See* Tex.Civ.Prac.&Rem. Code § 16.001 (a)(1) and (b). However, consistent with the rationale set out in *Caldwell*, 429 F.3d at 526-528, this tolling provision has no application to the tolling provision in § 2244 (d)(2) which is expressly limited to periods during the pendency of "properly filed application(s) for state post-conviction or other collateral review with respect to the pertinent judgment or claim." At most the Texas tolling provision arguably would support equitable tolling until a § 2254 petitioner's eighteenth birthday. Rowe turned eighteen on August 14, 1998, so equitable tolling would have extended the one-year period under § 2244 (d)(1) only until August 14, 1999.

where the date on which he would become eligible for parole would be twenty years later than the date he would be parole eligible as an adjudicated juvenile delinquent.

The fact that notwithstanding his possession of a complete record Rowe did not file his state habeas application until approximately five months later is inconsistent with the diligence required fo a petitioner who seeks to invoke the doctrine of equitable tolling. *See Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007). His lack of diligence is further exemplified by the fact that he did not file the present petition for more than four years after the TCCA dismissed his state habeas application. Rowe attempts to excuse this additional delay on his assertion that he was unaware that federal habeas relief was available to a state prisoner until October 2007 (Reply at 5). The short answer is that unfamiliarity with the law due to a litigant's *pro se* status does not merit equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law and *pro se* status held insufficient to toll statute of limitations) and *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (illiteracy and other reason do not justify equitable tolling). Moreover, the truth of this assertion is belied and undermined by the fact that he previously cited § 2254 cases filed by state prisoners in the brief filed in support of his state habeas application. No. WR-55,036-01 at 16.

RECOMMENDATION:

For the foregoing reasons Petitioner has failed to show that he is entitled to equitable tolling of the one-year limitation period and the petition should be DISMISSED, the same being time-

barred.

 A copy of this recommendation will be mailed to Petitioner and counsel for Respondent.

 Signed this 23rd day of July, 2008.


            /s/ Wm. F. Sanderson, Jr.
            WM. F. SANDERSON, JR.
            UNITED STATES MAGISTRATE JUDGE


NOTICE
 In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.